EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Comunicación del Lcdo. Carlos J. López Feliciano | 2014 TSPR 114<br><br>191 DPR \_\_\_\_ |
|---|---|

Número del Caso: MC-2014-213

Fecha: 29 de septiembre de 2014

Materia: Resolución del Tribunal con Votos

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comunicación del Lcdo. Carlos
J. López Feliciano                    MC-2014-213

RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de septiembre de 2014.

Examinada la comunicación del 24 de septiembre de 2014 enviada a este Tribunal por el Lcdo. Carlos J. López Feliciano, se ordena a la Directora Administrativa de los Tribunales que dentro de un término de cinco (5) días, contados a partir de la notificación de la presente Resolución, muestre causa por la cual, de conformidad con las Reglas de Disciplina Judicial, 4 L.P.R.A. Ap. XV-B, no deba notificárseles al licenciado López Feliciano y a los Jueces de Apelaciones Sixto Hernández Serrano y Olga Birriel Cardona los resultados de la investigación sobre la queja presentada por estos contra el Juez Carlos I. Candelaria Rosa en el caso Pueblo v. Héctor Cordero Cruz J SC2008G-0337.

Notifíquese <u>inmediatamente</u> por correo electrónico, <u>fax</u> o teléfono, por la vía ordinaria y personalmente a través de la Oficina de Alguaciles de este Tribunal.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un Voto Particular de Conformidad, al que se unió el Juez Asociado señor Feliberti Cintrón. La Jueza Asociada señora Pabón Charneco emitió un Voto Particular de Conformidad, al que se unió el Juez Asociado señor Rivera

García. La Jueza Presidenta señora Fiol Matta emitió un Voto Particular Disidente. La Juez Asociada señora Rodríguez Rodríguez emitió un Voto Particular Disidente. La Jueza Asociada Oronoz Rodríguez disintió y emitió la expresión siguiente:

> "La Jueza Asociada Oronoz Rodríguez disiente enérgicamente del curso de acción de una mayoría de este Tribunal por los fundamentos jurídicos expresados por la Jueza Presidenta señora Fiol Matta en su Voto Particular Disidente. Enfatiza, además, que la facultad de administrar la Rama Judicial yace única y exclusivamente en la Jueza Presidenta y en la Directora de la Oficina de Administración de los Tribunales (OAT), quien es nombrada por, y responde a, la primera. Véase Art. V, Sec. 7, Const. ELA, LPRA, Tomo 1. Véase, además, Art. 2.012 de la Ley Núm. 201-2003, según enmendada, conocida como la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico", 4 LPRA sec. 24j. Entiende que este nefasto proceder no sólo es una intromisión indebida con las facultades de la Jueza Presidenta sino además una actuación *ultra vires*. Peor aún, la Resolución emitida es totalmente improcedente. En primer lugar, el Pleno de este Tribunal no tiene autoridad para emitir esta Resolución debido a que no hay caso o controversia pendiente ante este Foro que así lo justifique. Una mayoría de este Tribunal utiliza indebidamente el mecanismo de la Resolución para responder a una carta que el Lcdo. Carlos J. López Feliciano le dirigió a la Jueza Fiol Matta en su capacidad de Jueza Presidenta. En segundo lugar, la solicitud del licenciado López Feliciano se tornó académica pues la Jueza Presidenta ejerció oportunamente su facultad constitucional al ordenarle a la OAT que enviara copia del informe de la investigación y sus anejos al letrado y los que fueron sus compañeros de panel en el Tribunal de Apelaciones."

El Juez Asociado señor Kolthoff Caraballo y el Juez Asociado señor Estrella Martínez no intervinieron.

Camelia Montilla Alvarado
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Comunicación del Lcdo. Carlos
J. López Feliciano

MC-2014-213

Voto de conformidad emitido por el Juez Asociado señor Martínez Torres al que se unió el Juez Asociado señor Feliberti Cintrón.

En San Juan, Puerto Rico, a 29 de septiembre de 2014.

La Constitución de Puerto Rico es clara en que el Poder Judicial lo ejercerá el Tribunal Supremo y no solamente su Jueza Presidenta. Const. PR, Art. V, Sec. 1, 1 LPRA. La Jueza Presidenta es la encargada de dirigir la administración de los tribunales, pero siguiendo las reglas que para ello apruebe el Tribunal Supremo en pleno, no solamente la Jueza Presidenta. Const. PR, Art. V, Sec. 7, 1 LPRA. Véase, en general, In re Aprob. Rs. Y Com. Esp. Ind., 184 DPR 575 (2012).

Podríamos reglamentar sin más trámite sobre el asunto que nos plantea el exjuez Carlos López

Feliciano. Sin embargo, como política de sana administración pública, es sabio pedirle a la Directora de la Oficina de Administración de Tribunales cuál es su parecer.

Lo que es lamentable y vergonzoso es que haya integrantes de este Tribunal que desconozcan la diferencia básica entre las funciones cuasilegislativas que tiene este Tribunal para reglamentar y las funciones adjudicativas que ejercemos cada vez que resolvemos un caso. Esa distinción es un principio básico de derecho. Por eso no es necesario que exista un caso ante este Tribunal para que reglamentemos un asunto. Más aún, es nuestro deber hacerlo si advertimos una laguna o una interpretación de un reglamento que puede dejar desprotegida a una persona.

En fin, de lo que se trata es de utilizar nuestras facultades constitucionales de reglamentar la administración de esta Rama, con el único propósito de que marche bien la tarea judicial. El rol constitucional de la Jueza Presidenta como administradora de los tribunales no es la controversia.

En momentos como los que vivimos hoy no podemos visualizarnos como esfinges, es decir, como figuras inmóviles, en pose eterna de genuflexión. En su lugar, procede una actitud de colaboración activa, aprobando normas de transparencia que ayuden a la Rama Judicial a ganarse la confianza del Pueblo. Oponerse a eso es obstaculizar ese esfuerzo y perjudicar el interés público.

Es momento de tener voluntad y no de poner excusas. Por eso, voto conforme con la Resolución del Tribunal para que la Directora de la Oficina de Administración de Tribunales se exprese.


                              RAFAEL L. MARTÍNEZ TORRES
                                   Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Comunicación del Lcdo. Carlos J. López Feliciano | MC-2014-213 |

Voto Particular de Conformidad emitido por la Jueza Asociada señora Pabón Charneco al cual se une el Juez Asociado señor Rivera García.

En San Juan, Puerto Rico, a 29 de septiembre de 2014.

Ante la situación en que se encuentra la Rama Judicial, los miembros de este Tribunal tenemos dos alternativas. La primera, y la que parecen adoptar los votos disidentes, es la del silencio y la continuación del sistema "más de lo mismo" que fomenta lo que algunos medios de comunicación han llamado "la dimensión desconocida" de la Oficina de Administración de los Tribunales (OAT).[1] La segunda, y la que adopta una Mayoría del Tribunal, es la de promover y emprender nuevos caminos e instaurar el principio de transparencia en todas las labores de la Rama Judicial. Por entender que ese es el camino correcto, estoy

---

[1] Véase, E. Laureano, *Noticel*, *Referido de Comisión de Derechos Civiles contra jueza cae en la dimensión desconocida de OAT*, disponible en http://www.noticel.com/noticia/166437/referido-de-comision-de-derechos-civiles-contra-jueza-cae-en-la-dimension-desconocida-de-oat.html.

conforme con la determinación de emitir una Orden de Mostrar Causa a la Directora Administrativa de los Tribunales.

Como ya he expresado en otras ocasiones, ante la coyuntura en que se encuentra la Rama Judicial, **el inmovilismo no es una opción**. Por eso lamento que algunos compañeros se refugien en argumentos burocráticos para no atender esta situación de manera eficiente. Ante el pedido que realizó directamente a este Tribunal el Lcdo. Carlos J. López Feliciano, procede como mínimo que este Tribunal le provea una oportunidad a la Directora Administrativa de los Tribunales para que muestre causa por la cual no deba notificar los resultados de la Queja en cuestión a los jueces que la promovieron.

Nótese que, a diferencia de lo que intiman los votos particulares disidentes, el licenciado López Feliciano no está solicitando meramente que se le entregue un documento que recoja los resultados de una investigación disciplinaria. El peticionario sostiene que él tiene derecho a que se le **notifiquen los resultados de conformidad con las Reglas de Disciplina Judicial, 4 L.P.R.A. Ap. XV-B**. Como sabemos, esa notificación tiene serias consecuencias en el ámbito de las Reglas de Disciplina Judicial, *supra*, e incide directamente con la transparencia que debe regir en los procedimientos de la Oficina de Administración de los Tribunales. Por eso, estoy conforme con la determinación de una Mayoría del Tribunal.

Finalmente, en cuanto a los méritos de si el licenciado López Feliciano es una "parte promovente" de la Queja presentada en contra del Juez Carlos I. Candelaria Rosa, y a diferencia de algunas expresiones disidentes, considero que no es apropiado adelantar criterio en esta etapa hasta contar con la posición de la Directora Administrativa de los Tribunales.


                              Mildred G. Pabón Charneco
                                  Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Comunicación del
Lcdo. Carlos J. López Feliciano          MC-2014-213


Voto particular disidente emitido por la Jueza Presidenta señora Fiol Matta


En San Juan, Puerto Rico, a 29 de septiembre de 2014.


Disiento de la determinación de este Tribunal sobre el asunto de epígrafe, pues en el contexto de esta situación, el Pleno no tiene autoridad para emitir una orden de mostrar causa a la Oficina de Administración de los Tribunales. Además, ese proceder es totalmente innecesario, pues ante la solicitud que me hiciera el Lcdo. Carlos J. López Feliciano de que le enviara copia del informe de la investigación disciplinaria que se llevó a cabo contra el Juez Carlos I. Candelaria Rosa, ordené a dicha oficina que le enviara la copia solicitada

a él y a los jueces Olga E. Birriel Cardona y Sixto Hernández Serrano.

Ante la consideración del Pleno de este Tribunal no se ha presentado ningún recurso que le conceda jurisdicción para actuar y emitir una orden de mostrar causa. Lo que recibió el Pleno y en lo que se basa la determinación mayoritaria es una copia de una carta dirigida a mí, como Jueza Presidenta de este Tribunal, en la cual el licenciado López Feliciano indica que se enteró del resultado de la investigación contra el Juez Candelaria Rosa por un periódico digital.

Por otra parte, solo procedería una notificación a los miembros del Panel de Jueces del Tribunal de Apelaciones si concluyéramos que estos son partes promoventes del procedimiento disciplinario. Sin embargo, sostengo que esta determinación sería incorrecta.

Los procedimientos disciplinarios contra los jueces están regulados específicamente por las Reglas de Disciplina Judicial[2] que enmendamos recientemente. Para el momento en que se tramitó el asunto de epígrafe, la Regla 5 establecía, taxativamente, dos maneras de iniciar una investigación disciplinaria en contra de un miembro de la judicatura: 1) mediante la presentación de una queja bajo juramento por una persona interesada ante la Oficina de Asuntos Legales y 2) mediante una solicitud por escrito del

---

[2] 4 LPRA Ap. XV-B R. 5.

Juez Presidente o la Jueza Presidenta, de un Juez Asociado o una Jueza Asociada o

del Director o la Directora de la Administración de los Tribunales.

Del trámite de la investigación en contra del Juez Candelaria Rosa surge que el Tribunal de Apelaciones, específicamente el panel al cual pertenecía el entonces juez López Feliciano, le notificó al Juez Presidente una Resolución en la que se le informaba sobre la conducta del Juez Candelaria. El Panel apelativo solicitó al Juez Presidente que determinara si procedía ordenar el inicio de una investigación disciplinaria. Es decir, no se sometió el asunto al procedimiento disciplinario por conducto del Juez Presidente pues las reglas no lo permiten. Lo que ocurrió fue que se refirió la situación a su atención, este la evaluó y decidió solicitar el inicio de una investigación, ejerciendo la facultad que le conceden las Reglas de Disciplina Judicial.

En conclusión, no procede que este Tribunal emita una orden de mostrar causa ante una situación que me fue referida como Jueza Presidenta y en la que no hay caso presentado ni partes en controversia. Es en esas circunstancias, aquí ausentes, que el Pleno tiene el poder para proveer ese remedio. Además, este proceder resulta académico porque ya ordené que se le entregue copia del Informe al licenciado López Feliciano y a los demás

miembros del Panel de Jueces del Tribunal de Apelaciones. Esta acción honra el principio de transparencia que he decidido promover, pero además respeta las disposiciones reglamentarias de este Tribunal.


                                    Liana Fiol Matta
                                    Jueza Presidenta

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Comunicación del Lcdo. Carlos J. López Feliciano | MC-2014-213 |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 29 de septiembre de 2014

Despropósitos, nos recuerda el jurista español Francisco Rubio Llorente, "son. . .hechos o dichos fuera de razón, de sentido o conveniencia",[3] y añado, "o sin relación con la cosa de que se está hablando".[4] Tal como invita Rubio Llorente a propósito del referéndum catalán, juzguen si el concepto aplica a los eventos en este Tribunal.

Tomando prestado una página del teatro del absurdo, cuatro miembros de este Foro ordenan a la Oficina de Administración de Tribunales ("OAT") a que muestre causa por la cual no se le deba ordenar a hacer algo que ya hizo. A saber, que muestre causa por la cual no se debe notificar una determinación de archivo de un asunto disciplinario, a pesar de que hace unos días eso hizo la OAT; función ésta,

---

[3] Francisco Rubio Llorente, Despropósitos, La Vanguardia, 29 de septiembre de 2014.
[4] María Moliner, Diccionario de uso del Español 463 (2000).

la de notificación, de carácter puramente administrativo. ¿Qué puede mover al Tribunal a actuar con tal nimiedad?

La respuesta a esta interrogante hay que calibrarla observando que la orden que se emite supone, sin duda, una intromisión indebida en el día a día de la gestión administrativa de esa Oficina. Como sabemos, la Constitución del Estado Libre Asociado le confiere a la Jueza Presidenta, a través de la Directora de la OAT, **la facultad exclusiva de administrar los tribunales.** Const. P.R. Art. V., Sec. 7. Además, en este "caso" no hay tal caso, controversia o queja que atender ante nuestra consideración. Lo que tenemos los jueces es copia de una carta que el licenciado López Feliciano le dirigió a la Jueza Presidenta.

Conscientes de la endeble posición jurídica de la Resolución que hoy se anuncia, se elucubra una teoría, también producto del absurdo, que sostiene que habida cuenta de que la Constitución del Estado Libre Asociado faculta al Tribunal a aprobar reglas para su administración, Const. P.R. Art. V., Sec. 7, también se tiene la facultad para intervenir en asuntos administrativos y cerciorarse de que se "cumpla" con el Reglamento.

A poco que se escudriñe tal "razonamiento" se pone en evidencia su mero espejismo. Lo que los cuatro jueces – y sospecho que la mayoría de los nuevos miembros de este

Tribunal – en efecto sostienen es que a través de la facultad de reglamentar se puede vulnerar, negándole efectividad y eficacia, la cláusula constitucional que le encomienda a la Jueza Presidenta el poder exclusivo de administrar los tribunales.

Dicho de manera más sencilla. La Constitución dice que el Tribunal puede hacer A pero sólo la Jueza Presidenta puede hacer B. Los jueces lo que han hecho es precisamente lo que no pueden, hacer B alegando que lo hacen mediante el ejercicio de A. Es decir, a través del ejercicio de A se tiene la facultad para hacer lo que B le confiere exclusivamente a la Jueza Presidenta. Claramente éste es un argumento que refleja, como poco, falta de honestidad intelectual. A fin de cuentas, en el empeño de asumir las prerrogativas de la Presidencia, tal parece que la Constitución poco importa pues sus mandatos se consideran meros "argumentos burocráticos".


                              Anabelle Rodríguez Rodríguez
                                    Juez Asociada